[Crim. No. 4860.   In Bank.   Feb. 10, 1948.]

## THE PEOPLE, Respondent, v. PAUL CHARLES WINTON, Appellant.

No appearance for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

CARTER, J.—Defendant was charged by information with the murder in October, 1947, of his wife, daughter, and son-in-law. He pleaded not guilty and not guilty by reason of insanity to all three charges. His counsel then requested his examination by alienists and suggested that he be held in the Mendocino State Hospital for a reasonable time for that purpose. Defendant also personally requested the court to send him to the hospital for a week so that he might be under observation and examination by two alienists on the medical staff. The request was granted. It was the opinion of the alienists that defendant was sane both at the time of commission of the crime charged and at the time of examination.

Upon defendant's return to court after his hospital stay, he withdrew his pleas of not guilty and pleaded guilty to the three murders. This was done with the knowledge and consent of his counsel. The court thereupon took testimony to determine the degree of the crimes. At the conclusion of the hearing the court found that the murders were all of the first degree and sentenced defendant to pay the extreme penalty. An appeal to this court automatically followed (Pen. Code, § 1239). Defendant is not prosecuting the appeal and has filed no briefs. He has repeatedly admitted his guilt and expressed his desire to pay the penalty imposed.

Notwithstanding these facts the record has been closely scrutinized for possible error prejudicial to defendant. None can be found. Therefore a brief statement of the facts will suffice to dispose of the appeal.

■ Defendant, a 52-year-old half-breed Indian laborer, was born on the Del Norte County Indian reservation. His education stopped at the fourth grade. In 1916, he married a Yankee Dutch woman who later became blind as a result of syphilis. In 1930, defendant was sent to San Quentin for sexually assaulting one of his daughters, then 13 years of age. He was paroled in 1935, returned to prison in 1936, and again released in 1942. He worked irregularly and eventually went to live with his wife. She was then receiving a pension as a needy blind person, including the rent of a small cabin owned by a lumber company.

Early in October, 1947, over defendant's strenuous objection, a daughter, her husband, and their two children also moved into the cabin. Defendant claimed that they refused to work, used up the groceries, treated him badly, and that all his efforts to oust them, including an appeal to the authorities, were in vain. For about a week preceding October 22d, defendant considered killing the offenders. During this time he absented himself from the cabin for considerable periods and drank wine to excess. On the evening of October 22d, after having consumed two to four quarts of wine, defendant entered the cabin, shot the son-in-law, then the daughter, and lastly his wife. He intended to kill himself also but first wished to see that the two grandchildren were safe. He drove them to the house of another daughter, and was there arrested. He admitted the killings but expressed regret only over having killed his wife. He said that the deaths of the daughter and son-in-law were well deserved.

Thereafter defendant made numerous statements to the same effect.

His various statements and testimony are lucid, consistent, and substantially without self-contradiction, although given at different times. They cover every phase and detail of the commission of the crimes. No ground whatsoever for reversal of the judgments is shown.

The judgments are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.